WESTERN CASUALTY & SURETY CO.
v. BEVERFORDEN.
No. 2817.

District Court, W. D. Missouri, W. D.
Dec. 7, 1936.

Sprinkle & Knowles, of Kansas City, Mo., for petitioner.

J. Francis O'Sullivan, Al. Mendelson, and O. H. Stevens, all of Kansas City, Mo., for respondent.

REEVES, District Judge.

This is a bill in equity for a declaratory judgment. The procedure is authorized by section 400, Title 28 U.S.C. (28 U.S.C.A. § 400) relating to the subject of Declaratory Judgments.

The petitioner avers in its bill that the respondent has recovered a judgment against one Dorothy Shelton in the sum of $12,000 for personal injuries. It is stated that Dorothy Shelton was the driver of an automobile on which the petitioner had issued a policy of liability insurance in favor of B. Gorman Furniture Company, a corporation. Such policy undertook to save the assured harmless "by reason of the ownership, maintenance or use of any of the automobiles hereinafter described," arising from damages to third persons.

By a provision entitled "Additional Assureds," it extended the protection of the policy to "any person operating * * * any of the automobiles described in the Schedule of Statements, provided such use or operation is lawful and with the permission of the named Assured."

The petitioner asserts that Dorothy Shelton, against whom the judgment was obtained by the respondent, was operating one of the automobiles covered by the policy, but denies that it was "with the permission of the named Assured." It appears from the bill that an employee of the assured, namely, one Joe Gorman, "without the knowledge, consent, direction or approval of the B. Gorman Furniture Company," had delivered the automobile to the said Dorothy Shelton. While so operating the automobile, the accident happened which resulted in a recovery of damages against her.

The bill further avers that the respondent has asserted and is now claiming that the terms of the policy are broad enough

upon the facts of the case to assure the said Dorothy Shelton.

The motion to dismiss asserts a policy protection to the said Dorothy Shelton. In addition, there is an averment that the petitioner is estopped to assert otherwise, for the reason that it defended the said Dorothy Shelton at the trial wherein a recovery was had against her.

The respondent's motion to dismiss is predicated in part upon the ground that the bill fails to state a cause of action. She asks dismissal also upon the theory that liability to the respondent is obvious.

A proper interpretation of the bill and the motion to dismiss warrants the conclusion that there is in fact a controversy between the parties.

1. The statute says: "In cases of actual controversy * * * the courts of the United States shall have power upon petition * * * to declare rights and other legal relations of any interested party petitioning for such declaration." 28 U.S.C.A. § 400.

It is apparent that the respondent believes that the insurance issued by the petitioner to the B. Gorman Furniture Company, a corporation, is broad enough to extend to Dorothy Shelton, against whom she has a judgment for negligent operation of an automobile covered by the policy. Furthermore, the motion to dismiss asserts liability by estoppel or waiver.

An actual controversy obviously exists between the parties.

2. It becomes important to inquire whether it is within the power of the court "to declare rights and other legal relations of" the petitioner toward the respondent.

The "rights and other legal relations" mentioned in the statute would necessarily refer to the rights and legal relations of parties arising on the contract or policy of insurance issued by the petitioner. If any legal relation exists between the petitioner and respondent arising on the contract, either because of its terms or because of conduct relating to it, a question for adjudication might arise. "Other legal relations" as here used is rather comprehensive.

In the case of Gully v. Interstate Natural Gas Co., 82 F.(2d) 145, loc. cit. 149, the Fifth Circuit Court of Appeals gave the words a broad interpretation. It said: "We see no reason why the statute should not, we think it should, be given the prophylactic scope to which its language,

in the light of its purpose, extends, under it disputants as to whose rights there is actual controversy, may obtain a binding judicial declaration as to them, *before damage has actually been suffered,* and without having to make the showing of irreparable injury and the law's inadequacy required for the granting of ordinary preventive relief in equity." (Italics mine.)

As held in this case, it is a purely remedial statute, and, being a remedial statute, "should be construed with reasonable liberality to carry out the purposes underlying such statutes and judgments, and to make it of real service to the people and to the profession, and should not be restricted as to its scope by a narrow interpretation." 1 C.J.S. Actions, § 18, p. 1023.

In Ohio Casualty Ins. Co. v. Plummer et al., 13 F.Supp. 169, 173, the District Court of the Southern District of Texas entertained a very similar suit. The court quoted from Borchard's Declaratory Judgments as follows:

" 'The fact that insurance is a contract which looks to future benefits, that it is a highly fiduciary relationship requiring the utmost good faith, and that it often embraces several or a series of collateral relationships involving those causing the loss, and in the case of indemnity or surety contracts, the position of the principal debtor, makes these contracts peculiarly susceptible to effective adjudication by declaration.

" 'This is due to several circumstances: (1) because many questions of the validity of the policy *are likely to arise before the loss insured against occurs and it is important that these claims and defenses be promptly adjudicated;* and (2) because insurance companies operating under public supervision are usually responsible concerns against whom a declaration of liability is equivalent to a judgment for damages.'

"Again at page 493 is this language:

" 'Some striking cases have occurred in the United States in which the insured or the company was enabled to determine its rights before taking an irretrievable and perhaps mistaken position by securing a declaratory judgment of their legal relations.' " (Italics mine.)

Unfortunately the court overlooked the law cited to the effect that a purpose of a declaratory judgment is to settle "questions of the validity of the policy * * * likely to arise before the loss insured against occurs." This doctrine was stated in the Gas Company Case, supra.

3. In the instant case the loss has occurred. A suit is about to be filed. The respondent has recovered a judgment against the operator of one of the insured cars. A factual issue will determine the liability of the petitioner. The only question will be whether Dorothy Shelton was operating the automobile by permission of the assured.

There exists and is available an appropriate and an adequate remedy to settle the issue or right sought to be determined. A declaratory judgment is, intended to be supplemental. It should not be made a substitute for other existing remedies. It is to be used when adequate relief is not presently available. No useful purpose would be served to adjudicate in this case under the declaratory judgment statute. 1 C.J.S. Actions, § 18, p. 1027. As stated in 1 C.J.S. Actions, § 18, p. 1028: "Moreover, the statute is not intended to delay a party in the prosecution of an accrued cause of action until the termination of the proceeding for a declaratory judgment; and accordingly a declaratory judgment proceeding generally does not apply, and will not be entertained, where a right has matured or wrongful acts have already been committed and a cause of action already exists."

In Meeker v. Baxter, 83 F.(2d) 183, loc. cit. 187, the Court of Appeals, Second Circuit, disposed of a prayer for a declaratory judgment in the following language: "To the prayers for relief one is added for a declaratory judgment, apparently for good measure. The defendants misapprehend the purpose of that relief; it is only a kind of expanded bill quia timet, meant to do in general what that suit did in its limited field. When the parties as here have once locked horns and are demanding forcible sanctions, there is no longer room for judicial declarations separate from those which will be implicit or express in the final judgment or decree."

The motion to dismiss should be, and is, sustained. It is so ordered.