92 P.2d 161

NATIONAL LIBERTY INS. CO. OF AMERICA v. SILVA et al.

NEW BRUNSWICK FIRE INS. CO., NEW BRUNSWICK, N. J., v. SAME.

Nos. 4410, 4411.

Supreme Court of New Mexico.

March 24, 1939.

On Rehearing July 7, 1939.

John F. Simms, J. R. Modrall, and Augustus T. Seymour, all of Albuquerque, for appellants.

Rodey & Dickason and William A. Sloan, all of Albuquerque, for appellees.

BRICE, Justice.

This action was brought under Ch. 143, N.M.Session L.1935, known as "The Declaratory Judgment Act," the parts of which, material to this case, are as follows:

"In cases of actual controversy, the courts of record of the State of New Mexico shall have power, upon petition,. declaration, complaint, or other appropriate pleadings, to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed, and such declaration shall have the force and effect of the final judgment or decree and be reviewable as such.

"Further relief, based on declaratory judgment or decree, may be granted whenever necessary or proper. The application shall be by petition to the court having jurisdiction to grant relief. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party, whose rights have been adjudicated by the declaration, to show cause why

further relief should not be granted forthwith."

The appellees agree that the appellants' "Statement of the Facts" is correct. It is as follows:

"On or about the 12th day of December, 1935, a grocery store and warehouse, located in the Town of Bernalillo, County of Sandoval, New Mexico, and owned by the defendants and appellee, were totally destroyed by fire. At said time appellee, that is, Silva Brothers, carried two policies of fire insurance covering this building, one with the appellant, National Liberty Insurance Company of America, and one with the appellant, New Brunswick Fire Insurance Company, New Brunswick, New Jersey. The policy of each of said companies is in litigation in an identical suit, and both suits are controlled by the same principles of law and are now in the same status on appeal to this court.

"Subsequent to the above mentioned fire, the Silva Brothers filed with the two insurance companies proofs of loss incurred in the fire, and the insurance companies refused to pay the loss. Two suits at law on the two policies were filed by the Silva Brothers in Sandoval County, asking recovery for loss under the terms of said policies. On Motion of the insurance companies the venue of said actions, after hearing, was changed to Bernalillo County. The insurance companies then filed answers in said causes setting up that said fire was a fraudulent one set with the knowledge, connivance, and consent of the defendants,

Silva Brothers. The case came to trial upon the issues so framed and the jury failing to agree, a mistrial was declared. At the next term of court in Bernalillo County a second jury trial was had and, the jury failing to agree, a second mistrial was declared. The first of these trials was presided over by Judge Harry Patton and the second trial by Judge Irwin Moise.

"Subsequent to the second mistrial, the Silva Brothers dismissed their two causes in the District Court of Bernalillo County without prejudice, which orders of dismissal were entered on the 9th day of April, 1938.

"On the 16th day of April, 1938, National Liberty Insurance Company of America and The New Brunswick Fire Insurance Company, the two fire insurance companies involved in the general transactions, filed these two suits against the Silva Brothers setting up the fact of the fire aforesaid, the coverage of the Silva Brothers and the allegation of a fraudulent loss, both of which suits were identical with the exception of the plaintiff's name, and said suits asked for a declaratory judgment adjudicating the rights and liabilities arising out of the aforesaid fire in connection with the two fire insurance policies. Process in said suits was served upon the Silva Brothers on the 18th day of April, 1938. These suits were filed in Bernalillo County.

"On the 19th day of April, 1938, the Silva Brothers filed two suits on the identical policies against the two insurance

companies in the County of Santa Fe, State of New Mexico, which said suits were approximately duplicates of their original actions to recover under the policies, that is, they were suits at law against the insurance companies for the amount of their loss arising out of the fire. Immediately thereafter the Silva Brothers filed pleas in abatement in the two Bernalillo County suits, that is, the declaratory judgment suits brought by the insurance companies.

"The two suits seeking declaratory judgments were commenced and pending in the District Court of Bernalillo County and service had been had in said causes prior to the commencement of the two suits at law in Santa Fe County by the Silva Brothers.

"Hearing was had before Judge Harry Patton on said pleas in abatement and the court, having sustained the same, the insurance companies appealed from said order of the trial court as above set forth in appellant's statement of the case."

The New Mexico declaratory judgment act is an adaptation of the Federal Act (Sec. 274d, Jud.Code, as amended, 28 U.S. C.A. § 400), and is identical in meaning; except there is in the Federal Act a specific provision for jury trials of suits at law. There was no settled construction of the Federal Act at the time of its adoption by New Mexico. It had been construed a number of times; but with considerable disagreement among the several Federal Courts, as well as among the individual judges of some of the courts.

The provisions of the Federal Act corresponding to the two sections of the New Mexico declaratory judgment act which we have quoted, are as follows:

"In cases of actual controversy except with respect to Federal taxes the courts of the United States shall have power upon petition, declaration, complaint, or other appropriate pleadings to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed, and such declaration shall have the force and effect of a final judgment or decree and be reviewable as such.

"Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application shall be by petition to a court having jurisdiction to grant the relief. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party, whose rights have been adjudicated by the declaration, to show cause why further relief should not be granted forthwith." Sec. 274d, 28 U.S.C.A. § 400.

The Supreme Court of the United States, in Aetna Life Insurance Co. v. Haworth et al., 300 U.S. 227, 57 S.Ct. 461, 465, 81 L.Ed. 617, 108 A.L.R. 1000, stated, "that the dispute turns upon questions of fact does not withdraw it * * * from judicial cognizance. The legal consequences flow from the facts and it is the province of the courts to ascertain and find the facts in order to determine the legal consequences." To this we agree.

The question of fact in this case, and the only question about which there is disagreement, is whether the defendants themselves, or through connivance with others, burned their own property. A determination of this question regarding which two juries of Bernalillo County have failed to agree, will determine the "actual controversy," which is whether appellants are liable to appellees on the insurance policies mentioned in the statement of facts.

██ The declaratory judgment act is an alternative means of presenting controversies to courts having jurisdiction thereof. The so-called "traditional remedies" are not substantive rights. They could be entirely abolished and others supplied. This is the holding of the Supreme Court of the United States in the Aetna Insurance case; with which we are satisfied. But that court has never passed on the question of whether the Federal district courts are compelled to take cognizance of every case filed under the Federal Act, of which those courts could take jurisdiction. The Fifth Circuit Court of Appeals, in Carpenter et al. v. Edmondson, 92 F.2d 895, seems to hold that the trial court was without discretion and cites Aetna Life Insurance Co. v. Haworth, supra, as supporting authority. But a careful reading of the opinion of the Supreme Court in that case satisfies us that no such question was presented to, or decided by the court. It was held by the trial court in the Aetna Life Insurance Company case, and concurred in by the Circuit Court of Appeals of the Eighth Circuit (see the same case in D.C.,

11 F.Supp. 1016, and 8 Cir., 84 F.2d 695), that no "actual controversy" existed and therefore the district court was without jurisdiction. The Supreme Court held otherwise; and it was upon this question and not upon the question of discretion, that the Supreme Court rested its decision.

Appellants cite Western Casualty & Surety Co. v. Beverforden, 8 Cir., 93 F.2d 166, 168, as supporting their contention that the trial court was without discretion, and therefore could not dismiss a case of which it had jurisdiction. But we do not find that the Circuit Court of Appeals so held, or that the question was in that case. The district court held (17 F.Supp. 928, 930) that there existed and was available an appropriate and adequate remedy to settle the issue or right sought to be determined, and that the declaratory judgment act should not be made a substitute for other existing remedies which would afford adequate relief. That "a declaratory judgment proceeding generally does not apply, and will not be entertained, where a right has matured or wrongful acts have already been committed and a cause of action already exists." In disapproving this conclusion of the district court, the Circuit Court of Appeals stated:

"The trial court was of the opinion that the right of the appellant to assert that its policy did not cover Dorothy Shelton and her liability to the appellee, as a defense to any action at law which might be brought by the appellee against the appellant to recover the amount of her judgment, would preclude the appellant from main-

taining this proceeding. This court, in Columbian Nat. Life Ins. Co. v. Foulke, 8 Cir., 89 F.2d 261, has held to the contrary. In that case it was said (page 263 of 89 F. 2d):

" 'The argument is that the Insurance Company may wait until it has been sued and can then defend itself, so that it must be deemed to have adequate remedy without resort to this declaratory judgment suit. It is not contended that there is any other procedure open to the Insurance Company by which it could presently obtain relief from the claims and demands which it alleges the defendant is wrongfully making against it. The position of appellee finds some support in cases that have arisen under state laws and possibly in Zenie Bros. v. Miskend et al. (D.C.) 10 F.Supp. 779. But we find no support in the federal act. The act says nothing about limiting proceedings under it to cases where there are no other forms of action in which the rights of the parties may ultimately be determined. It refers only to "cases of actual controversy," and in such cases the courts of the United States are empowered to declare rights and other legal relations of any interested party petitioning for such declaration.' "

We find no support in this language for appellants' contention.

The case of Aetna Cas. & Surety Co. v. Quarles et al., 4 Cir., 92 F.2d 321, 324, was decided subsequent to, and cites Aetna Life Ins. Co. v. Haworth, supra, and in determining this question the court stated:

" * * * The question is not as to whether jurisdiction shall be assumed but as to whether, in exercising that jurisdiction, a discretion exists with respect to granting the remedy prayed for. No one would question the power of the federal courts to grant injunctions in proper cases; but nothing is better settled than that whether or not injunctive relief shall be granted is a matter resting in the sound discretion of the trial judge. The same is true of specific performance and of the legal remedy of mandamus. The declaring of 'rights and other legal relations' without executory or coercive relief is an extraordinary remedy, the granting of which, like the remedies mentioned, should certainly rest in the sound discretion of the court because of the liability of abuse to which it might otherwise be subjected.

"The Uniform Declaratory Judgment Act expressly provides for the exercise of discretion (section 6) as does the New York Civil Practice Act and the Rules adopted thereunder (section 473; rule 212). And the rule is well settled under the English statute and court rules that the granting of declaratory relief is a matter resting in the court's discretion. Russian Commercial Industrial Bank v. British Bank, 90 L. J.K.B., N.S., 1089, 19 A.L.R. 1101. Prof. Borchard points out that these statutory provisions 'merely embody the established Anglo-American practice in all jurisdictions.' Declaratory Judgments, p. 100. While the federal act does not expressly provide that the granting of declaratory relief shall rest in the court's discretion,

this is clearly implied from the fact that it merely gives the court power to grant the remedy without prescribing any of the conditions under which it is to be granted, and it is hardly to be supposed that it was intended that it should be granted as of course in every case where a controversy exists. * * *

"As said by Judge Knight in the case of Automotive Equipment Co. v. Trico Products Corporation [D.C., 11 F.Supp. 292], however, the discretion to grant or refuse the declaratory relief 'is a judicial discretion, and must find its basis in good reason,' and is subject to appellate review in proper cases. We think that this discretion should be liberally exercised to effectuate the purposes of the statute and thereby afford relief from uncertainty and insecurity with respect to rights, status and other legal relations (see Borchard, Declaratory Judgments, 101); but it should not be exercised for the purpose of trying issues involved in cases already pending, especially where they can be tried with equal facility in such cases, or for the purpose of anticipating the trial of an issue, in a court of coordinate jurisdiction. The object of the statute is to afford a new form of relief where needed, * * *.'"

This we believe to be a correct determination of the question. Whether the district court should entertain an action for a declaratory judgment is within his discretion, but it is a judicial discretion, the abuse of which is subject to correction by this court. The authorities are so numerous that we content ourselves with calling attention to the annotations in 87 A.L.R. at page 1212 and previous annotations cited; 16 Am.Jur. "Declaratory Judgments," Sec. 14; "Declaratory Judgments" by Edwin Borchard, p. 99.

We come finally to determine whether the trial court exercised his discretion; and if so, whether he abused it in dismissing appellants' suit. On this question we quote from Borchard on Declaratory Judgments, as follows:

"The two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. It follows that when neither of these results can be accomplished, the court should decline to render the declaration prayed. In addition, and perhaps as indicating when a useful purpose will not be served, statute and practice have established the rule that the judgment may be refused when it is 'not necessary or proper at the time under all the circumstances.' These criteria of discretion are too general to afford much help to judges, but precedent and practice have given them definition and have hardened the discretion into rule, reviewable as such. Some specification of the grounds advanced for refusing declarations under the discretionary power may therefore be appropriate.

*     *     *     *     *     *

"Reference will hereafter be made to the fact that the court will refuse a declaration where another court has jurisdiction of the issue, where a proceeding involving identical issues is already pending in another tribunal, where a special statutory remedy has been provided, or where another remedy will be more effective or appropriate under the circumstances. In these cases it is neither necessary nor proper to issue the declaration. In some of these cases, discussed in the next chapter, the declaration is refused on jurisdictional grounds. In others, the refusal is justified on discretionary grounds. · As already observed, however, it is wrong for courts to decline a declaration on the mere ground that another remedy was available, for declaratory relief was not intended to be exclusive or extraordinary, but alternative and optional. It is only where the court believes that more effective relief can and should be obtained by another procedure and that for that reason a declaration will not serve a useful purpose that it is justified in refusing a declaration because of the availability of another remedy.

\*      \*      \*      \*      \*      \*      \*

"\* \* \* As already observed, it will be refused where it is unnecessary, or where it is not practical for the court to reach a conclusion, e. g., the effect of a prospective structure, or where it will serve no practical purpose in terminating uncertainty or insecurity. Thus, it will not be made 'in the air,' or in the abstract, i. e., without definite concrete application to a particular state of facts which the court can by the declaration control and relieve.

"All these cases are but exemplifications of the general rule that the declaration is an instrument of practical relief and will not be issued where it does not serve a useful purpose. The courts necessarily have a considerable judicial discretion in determining when such a useful purpose will be subserved, a discretion now more frequently invoked since the courts' emancipation from the older maxims which confined the declaration almost within the narrow limits of an extraordinary remedy to be administered with caution and reluctance. Now that liberal construction is enjoined upon the courts by statute, and that practice has, with rare exceptions, established the declaration as an optional and alternative remedy, greater perspicacity will be required in each case to · determine whether it will or will not serve a useful purpose." Page 107 et·seq.

The grounds upon which it was sought to dismiss the action, as alleged in the plea in abatement, were that the venue of the original suit filed in Sandoval County was, upon appellants' motion, changed to Bernalillo County, where two jury trials were had without a determination of the issues. That subsequently appellants dismissed their suits without prejudice, and filed their complaints in the district court of Santa Fe County; believing in good faith that failing twice to obtain verdicts in the County of Bernalillo, the district court of Santa Fe County would be the fairest tribunal for a trial of the causes.

The pleas in abatement (assuming the procedure is proper) were unverified and no evidence was introduced in their support. They were not attacked by demurrer or otherwise, and no issue was presented for determination. The "statement of facts" quoted from appellant's brief is in truth only history of the litigation. The court filed an opinion, from which we can determine the grounds upon which the cause was dismissed, and from which we quote the following:

" * * * It has been pointed out that only a question of fact is involved in this case. * * * Then the trial of these cases in this court would determine this issue of fact and would be an adjudication of this subject. I may be a little old fashioned, but I have always clung to the theory that an action should be brought by the plaintiff or the party seeking a recovery. I can see that if this plea in abatement was overruled and the Supreme Court should affirm the judgment of this court, that it might establish a precedent that actions of this character could in almost all cases be substituted for the traditional action. * * *

"According to my views, the liberal view to take of a case of this kind would be to deny the right to bring one of these declaratory judgments suits in this character of case. What the result may be is not for me to say. * * * But a precedent of this character, in my opinion, would be dangerous. * * * I do not believe it would have the same bad effect as the establishment of a precedent to the effect that the defendants in a prospective suit against it, might bring one of these actions and thus prevent the plaintiff from bringing his action in the traditional manner. It would be more far reaching and, in my opinion more dangerous. I can't help what the consequences of this action may be. Matters of that kind are trivial as compared with the establishment of a precedent that might be dangerous. For that reason the plea of abatement is sustained."

It thus appears that the trial court dismissed this case because, in his judgment only the "traditional action" is authorized, or should be resorted to in "this character of case." Presumably he had reference to an action at law, or one in which the contested issues are facts only.

We cannot agree to this conclusion. It is a legislative function to determine the propriety of authorizing actions at law or the determination of facts in declaratory judgment proceedings, and such cases are within the purview of the act. Aetna Life Ins. Co. v. Haworth, supra; Western Cas. & Surety Co. v. Beverforden, supra; Borchard on Declaratory Judgments, p. 114; 16 Am.Jur., "Declaratory Judgments," Sec. 20.

Thus while it appears the appellants are in error in their contention that the trial court has no discretion, it is equally obvious that it exercised no discretion in entering the orders of dismissal, in the absence of which a dismissal was error. If, upon remand, the question is again presented, the court should exercise its discretion in the premises.

The causes are reversed and remanded with instructions to proceed further not inconsistent herewith.

It is so ordered.

BICKLEY, C. J., and ZINN and SADLER, JJ., concur.

MABRY, J., did not participate.

## On Rehearing.

PER CURIAM.

The opinion on rehearing heretofore filed June 8, 1939, is withdrawn and there is substituted therefor the following:

BRICE, Justice.

In argument upon rehearing it was agreed by counsel that no demurrer or answer was filed to the plea in abatement; that no evidence was taken thereon; that the decision of the court was rendered after an argument upon facts of which the court and the parties had knowledge; that the facts stated in appellants' brief, and which we have quoted in our original opinion, are not all of the facts upon which court rendered his decision.

■ In our disposition of the case we resorted to the opinion of the trial court to determine the theory upon which the cases were dismissed because it appeared from the record that no issue either of law or fact had been made on the plea in abatement. This was the only source open to us for information upon which to determine

that question. Of course this could be done only under exceptional circumstances, unnecessary to mention here.

■ We have concluded that the question involved is too important to rest upon the present record. A pleading responsive to the plea in abatement should be filed and the issues determined. We do not feel that we should resolve the decision in favor of a judgment unless there was evidence taken or facts stipulated that will support it.

The order of this court will not be disturbed.

It is so ordered.

BICKLEY, C. J., and ZINN and SADLER, JJ., concur.

MABRY, J., did not participate.