## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

U.S. F. & G. Co.

v.

Fred P. Parris et al.

October 2, 1963

Case No. A-6083

### By JUDGE ALEX H. SANDS, JR.

This matter is before the Court upon motions to dismiss filed on behalf of the respective defendants, and upon plaintiff's request (which though not formally stated in the pleadings is a condition precedent to the granting of the relief sought) to stay certain common law actions now pending until the determination of the issues raised in the plaintiff's bill.

On September 1, 1962, Sherrie S. Parris, an infant, was injured when a 1962 Oldsmobile of which she was an occupant, left the highway and collided with a tree. Suits were instituted by the infant and her father, Fred P. Parris, against one Tussing alleged to have been operating the vehicle at the time of the accident. These cases have duly matured and have been consolidated for the purpose of trial and set for trial for January 27 and 28, 1964. Plaintiff, the U.S. F. & G., on September 1, 1963, had outstanding a policy of insurance covering a 1956 Cadillac automobile registered in the name of Fred P. Parris. On September 18, 1963, this policy was formally endorsed to cover the Oldsmobile which had been involved in the accident of September 1, 1963. Plaintiff brings this action

for declaratory judgment for the purpose of having the Court determine its obligation, or lack thereof, under its policy to defend the two suits now pending against Tussing. Plaintiff alleges that under the facts which it is in position to establish it can be shown that its policy did not cover the Oldsmobile at the time of accident because (a) Fred P. Parris was not the legal owner thereof at the time, (b) that the claimant Sherrie S. Parris was in fact driving at the time and (c) that even though Parris was the then owner of the vehicle and even though Tussing was at the time driving that he was operating the vehicle without "permission" in contemplation of the policy provisions.

Determination by the Court of the following issues is prayed.

1. Whether Fred P. Parris "owned" the vehicle at time of accident.

2. Whether plaintiff, U.S. F. & G. insured the vehicle at time of accident.

3. Whether Tussing or whether Sherrie Parris was the driver of, or a guest in, the vehicle at time of accident.

4. Whether, if driving, Tussing was driving with permission from the owner.

All defendants have, as stated, moved to dismiss the petition. These motions are set for hearing and argument for March 27, 1964.

Two questions are presented for determination.

1. Are the issues raised by plaintiff determinable in a declaratory judgment action brought pursuant to Chap. 25 of the Virginia Code of 1950, as amended?

2. Can or should the two actions at law now pending and set for trial be postponed until after a hearing be had and the issues determined in the declaratory judgment action?

### Is A Declaratory Judgment Action Maintainable?

Whether and under what circumstances questions of coverage and liability under an insurance policy may be reached by declaratory judgment has been the subject of much litigation, see 16 Am. Jur., *Declaratory Judgments*, sec. 35; 26 C.J.S., *Declaratory Judgments*, secs. 64, 65

and 66; see also notes in 108 A.L.R. 1000 and 142 A.L.R.11. The holdings of the state courts upon the question are in hopeless conflict. By way of illustration, *see Merchants Mut. Cas. Co. v. Leone*, 9 N.E.2d 552 (Mass. 1937). The apparent conflict, however, is usually due to differences in the language or provisions of the various declaratory judgment statutes under which the proceedings are instituted rather than to differences in basic reasoning. As of 1942, 28 states had adopted the Uniform Declaratory Judgment Act, while 12 others, including Virginia, had their own form of Declaratory Judgment Act. The better reasoned rule appears to be that such an action is a proper method by which an insurer may determine its duties, responsibilities and potential liabilities under its policy.

Defendant's chief ground for their motions to dismiss appears to be that the issues raised in the declaratory judgment action are identical with those raised in the pending common law actions and that therefore the plaintiff has complete and adequate relief in the pending common law actions. This is true, perhaps, as to issues Numbers 1, 3, 4, 5, and 6 but certainly not as to issue Number 2.

While it is undoubtedly true that a declaratory judgment act is not designed for the declaration of the substantive rights involved in a pending suit, *Jefferson County, etc. v. Chilton*, 33 S.W.2d 601 (Ky. 1930), and that declaratory relief should not be granted where the only object is the decision of questions already pending before the Court in other cases, *Hudson v. Travelers Ins. Co.*, 67 P.2d 593 (Kan. 1937), yet it has been usually held that the fact that in pending litigation and declaratory relief sought some, but not all, issues involved are identical is not a sufficient basis upon which a court should decline to entertain a declaratory judgment action. *Amer. Motorists v. Busch*, 22 F. Supp. 72 (S.D. Calif. 1938). *See also* 16 Am. Jur., *Declaratory Judgments.*, sec. 22.

Indeed, the Virginia Court of Appeals has gone further than most jurisdictions and has held that even though *all* issues involved in a declaratory judgment action and a pending action are identical that the trial court, in its discretion may decide the issues in either action. *Andrews v. Universal Moulded Products Corp.*, 189 Va. 527

(1949). *A fortiori*, then this should be no ground for dismissal of a declaratory judgment action where, as is true in the instant case, the declaratory judgment action seeks determination of issues not determinable at all in the pending common law actions, i.e. the duty of plaintiff to defend under its policy or its coverage thereunder.

For the above reasons the motion to dismiss the declaratory judgment is overruled.

### Priority as to Trial Date

This brings us immediately to grips with the question of whether the Court can or should postpone the trial of the common law actions, now set for trial in January, 1964, until after the disposition of the issues in the declaratory judgment action, now set for hearing in March, 1964. Whatever the form of procedure which might be resorted to accomplish this it would, in essence, amount to a stay of the common law suits, no more nor less, and would amount to and have the effect of an injunction against the determination of the issues in the common law actions until after the disposition of the issues raised in the declaratory judgment suit. Such procedure is expressly forbidden by Code sec. 8-583. There is no such provision in the Uniform Declaratory Judgment Act.

But even in the absence of this statutory mandate and were the matter one within the sound discretion of the trial court the result would be the same for it is difficult to see how the court could be justified in depriving a plaintiff who has instituted his tort action and secured his trial date of his place upon the docket in order that his insurer may be enabled to determine whether it is obligated to extend coverage under its policy. Any other view would mean that an insurer in any tort case could postpone the scheduled trial of the case upon its merits until after such insurer had had determined the merits or demerits of any and all policy defenses which it might claim to have.

For the above reasons the defendants' motions to dismiss will be overruled and plaintiff's request that the trial of the two cases now scheduled for January 27 and 28 be postponed until after hearings in the declaratory judgment suit on March 27, 1964, will be denied.