415 P.2d 553

**ALLSTATE INSURANCE COMPANY, a corporation, Plaintiff-Appellant,**

v.

**FIREMEN'S INSURANCE COMPANY, a corporation, et al., Defendants-Appellees.**

**No. 7859.**

Supreme Court of New Mexico.

June 20, 1966.

Iden & Johnson, J. J. Monroe, Albuquerque, for appellant.

Modrall, Seymour, Sperling, Roehl & Harris, Albuquerque, for appellees.

OPINION

COMPTON, Justice.

This appeal is taken from an order of dismissal in a declaratory judgment action filed by the plaintiff for a declaration of non-liability under a policy of insurance. For clarity, there is a prior action or proceeding now pending in the State of California

wherein the plaintiff is seeking an adjudication of the identical issue he seeks to have determined in the present proceeding.

The sole question is whether the trial court has discretion to determine whether it will accept or decline jurisdiction in a suit seeking a declaratory judgment. The issue arises from the court's order of dismissal which states, in part, as follows:

"This cause came on for hearing upon the legal defenses asserted in the Amended Answer of the defendants, * * * and the court having heard in full the arguments of counsel upon the said legal defenses and being fully advised in the premises, *having decided in the exercise of the court's discretion that the court would not, in view of the circumstances involved, accept jurisdiction of this declaratory judgment suit* and that the plaintiff's Amended Complaint should be dismissed without prejudice to the plaintiff to further prosecute its claim in another proceeding, * * *." (Emphasis ours.)

Section 22–6–1 of the New Mexico Declaratory Judgment Act, §§ 22–6–1 to 22–6–3, inclusive, N.M.S.A., 1953 Comp., provides:

"Declaratory judgments authorized— Effect.—In cases of actual controversy, the courts of record of the state of New Mexico shall have power, upon petition, declaration, complaint, or other appropriate pleadings, to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed, and such declaration shall have the force and effect of the final judgment or decree and be reviewable as such."

■ The Act does not enlarge the jurisdiction of the courts over subject matter and parties, but provides an alternative means of presenting controversies to courts having jurisdiction thereof, National Liberty Ins. Co. of America v. Silva, 43 N.M. 283, 92 P.2d 161, and we have held that in order to confer jurisdiction on the court to enter a declaration an actual controversy must exist, Taos County Board of Education v. Sedillo, 44 N.M. 300, 101 P.2d 1027.

■ It is important to bear in mind that the word jurisdiction is often used ambiguously. In its stricter sense it is understood to indicate judicial authority over subject matter and parties; and, in a less strict sense, it is used to refer to the privilege and power of the court to grant specific relief in cases within such authority. Borchard, Declaratory Judgments, 2d Ed.1941, p. 232.

The appellant contends that it was mandatory on the court to hear the case on the merits before it could exercise its discretion to determine whether a declaratory judgment was the appropriate remedy and whether a declaration should be granted or denied. The contention is without merit

and contrary to the overwhelming weight of both state and federal authority.

In National Liberty Ins. Co. of America v. Silva, supra, the trial court dismissed an insurer's suit under the Declaratory Judgment Act on the ground that there only "traditional action" was authorized. After reviewing the various authorities cited dealing with the discretionary power of the court, and the criteria to be considered by it in exercising its discretion, this court reversed the dismissal, holding it to be improper because of the failure of the court to exercise its discretion with respect to whether the remedy sought should be granted in the matter over which it had jurisdiction. In this connection we said:

" * * * Whether the district court should entertain an action for a declaratory judgment is within his discretion, but it is a judicial discretion, the abuse of which is subject to correction by this court. * * * "

In the application of this well-established rule the various courts have expressed it in a number of ways. It has been held that *jurisdiction to render* a declaratory judgment is discretionary, Southern Ry. Co. v. Order of Ry. Conductors of America, 210 S.C. 121, 41 S.E.2d 774; Cummings v. Beeler, 189 Tenn. 151, 223 S.W.2d 913; that whether or not *jurisdiction shall be taken* under the Declaratory Judgment Act in a particular case is within the sound discretion of the trial court, Andrews v. Universal Moulded Products Corp., 189 Va. 527, 53 S.E.2d 837; Eureka Casualty Co. v. Henderson, 371 Pa. 587, 92 A.2d 551; that *whether to entertain or refuse to entertain* a declaratory judgment action rests largely in the sound discretion of the court, Markert v. Bosley, 2 Ohio Misc. 109, 207 N.E.2d 414; Waialua Agr. Co. v. Ciraco Maneja, (9th Cir.1949), 178 F.2d 603; States Steamship Company v. Featherstone, (D.C.Ore.1965), 240 F.Supp. 830; that *permission to resort to declaratory relief* is within the discretionary power of the court, Pacific Electric Ry. Co. v. Dewey, 95 Cal.App.2d 69, 212 P.2d 255; Fash v. Clayton, (D.C.N.M.1948), 78 F.Supp. 359; that whether a court *will take or assume jurisdiction* of a petition for declaratory judgment or decree is purely a matter of judicial discretion, In re Lifter's Estate, 377 Pa. 227, 103 A.2d 670; that *the exercise of jurisdiction* under the Federal Declaratory Judgment Act is discretionary and not compulsory, Pacific Employers Insurance Co. v. Baker Pool Co., (D.C.Tenn.1965), 239 F.Supp. 788; Aetna Insurance Co. v. Chicago, Rock Island & Pac. R. Co., (10th Cir.1956), 229 F.2d 584; Tanner v. McKeldin, 202 Md. 569, 97 A.2d 449.

We think it is clear that whether a court assumes, takes, entertains, accepts or exercises jurisdiction in a declaratory judg-

ment action, or refuses so to do, it is acting within its discretionary power which is subject to review for an alleged abuse thereof. As stated in 22 Am.Jur.2d, Declaratory Judgments, § 9, p. 845:

"It is the general rule that the granting of declaratory relief is discretionary, under both the federal and the state acts. Whether such jurisdiction is to be entertained rests in the exercise of sound judicial discretion by the trial court, and its decision will not be disturbed on appeal, in the absence of a clear showing of abuse of that discretion. Even though a court may have jurisdiction of the subject matter and the parties, there is no absolute mandate compelling it to exercise that jurisdiction. Thus, the fact that a cause of action averred in the petition is within the jurisdiction of the court does not require the lower court to exercise its jurisdiction, nor is a court required to assume jurisdiction merely because an actual controversy exists or because the objective essentials of a declaratory judgment proceeding exist."

In the instant case it is apparent from the order of dismissal that the trial court heard in full the arguments of counsel on the legal defenses to the declaratory judgment action and that in the exercise of its judicial discretion it declined to accept or entertain jurisdiction of the action. Whether the court abused its discretion in so doing was not raised and, therefore, requires no consideration by us.

The judgment of the court should be affirmed. It is so ordered.

CHAVEZ and NOBLE, JJ., concur.