## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Hardware Dealers Mutual Fire Ins. Co.

v.

Insurance Co. of North America et al.

December 19, 1969

By JUDGE ALEX H. SANDS, JR.

Nellie L. Beasley obtained a judgment against Joseph C. Gentle and John Doe in the amount of $4,000.00 in the Circuit Court of Chesterfield County on May 20, 1969.

On May 22, 1969, action was instituted in the Law and Equity Court against Hardware Dealers Mutual Insurance Company, uninsured motorist coverage carrier on Nellie Beasley, seeking to recover said judgment, Hardware defending upon the ground that its assured, Nellie Beasley, should first attempt recovery from Gentle, the insured defendant in the original case.

On June 19, 1969, Hardware filed an action for declaratory judgment in this Court seeking an adjudication of the issue as to whether it or INA, Gentle's insurer, was primarily liable under the Beasley judgment.

On October 1, 1969, this Court entered judgment in favor of Nellie Beasley in her action against Hardware in the sum of $4,000.00 with interest from April 17, 1969, which judgment has since been satisfied.

On October 14, 1969, Hardware, suing through Nellie Beasley brought an action in this Court against INA seeking to enforce subrogation rights growing out of its payment of the $4,000.00 judgment obtained against it by Nellie L. Beasley.

Hardware now seeks to amend its petition for declaratory judgment and to seek an adjudication in that proceeding, rather than in its existing common law subrogation action

or some other form of common law action of its rights against INA.

This, then, presents to the Court the question as to whether Hardware's claim against INA is of such nature that it should be adjudicated in a declaratory judgment action or a common law action brought for that purpose.

While it is true that whether or not jurisdiction (if it exists) should be taken is within the sound discretion of the trial court, *American Nat. Bk. v. Kushner*, 162 Va. 378 (1934), and while it is further true that the Declaratory Judgment Act is remedial and should be liberally interpreted and administered, *Yukon Pocahontas Coal Co. v. Ratcliff*, 175 Va. 366 (1940), it is equally well settled that the construction and use of the Act by the courts must be reasonable and confined within definite limits. *Williams v. Bank of Norfolk*, 203 Va. 657 (1962). One of the cardinal limitations, as set forth in the Williams case is that it must be made to appear by the party seeking declaratory judgment relief that there is no adequate remedy at law as practical and effective to attain the ends of justice. And while the mere pendency of a common law action involving the same subject matter will not preclude the court from entertaining a declaratory judgment action, *Andrews v. Universal Moulded Products Corp.*, 189 Va. 527 (1949), yet where the point at issue involves a right which has matured or a wrong that has been suffered, customary processes of the court, where they are ample and adequate, should be adopted. *See American Nat. Bank v. Kushner, supra*, and *Williams v. Bank of Norfolk*, 203 Va. 657 (1962).

Applying these principles to the case at bar we have a situation where Hardware is seeking to recover a monetary judgment against INA based upon its theory that it has paid out money which INA should have paid either in whole or in part. This involves the assertion of a right which has already accrued (if Hardware's position is sound) and the fact that the appropriate channel through which this remedy can be enforced presents a multiple choice or procedures (i.e., exoneration, contribution or subrogation) does not affect the question in the slightest. It is not believed that it could be said that one of the purposes of the Declaratory Judgment Act is to assist counsel in the selection of the type of remedy which he

should pursue where a multiple choice of remedies is available and where there is a complete and adequate remedy at law. The declaratory judgment will, accordingly, be dismissed.