# CIRCUIT COURT OF CHESTERFIELD COUNTY

Deutsche Credit Corp.

v.

Chesterfield County

July 31, 1995

Case No. CL92-1114

BY JUDGE HERBERT C. GILL, JR.

The parties were before the Court on January 30, 1995, for the trial of this case and were allowed to submit post-trial memoranda. The Court heard arguments of counsel on their post-trial memoranda on April 27, 1995. On May 3, 1995, the Court was notified that both counsel would like the Court to defer its ruling in order to attempt a settlement. The Court granted this motion and deferred its ruling until the end of May 1995. In June, the Court was notified the case was not settled and, therefore, the Court makes the following ruling.

Plaintiff filed an Application for Correction of Erroneous Assessment of Business License Tax and Motion for Declaratory Judgment. Count I seeks correction of erroneous tax assessments pursuant to § 58.1-3984 of the 1950 Code of Virginia (as amended) and § 12-32 of the Code of the County of Chesterfield (as amended). Plaintiff alleges that the Chesterfield County Code § 12-49, in and of itself and as applied to Deutsche Credit Corp. (DCC), is violative of the Commerce Clause of the U.S. Constitution and is therefore void. Count II seeks a declaratory judgment pursuant to § 8.01-184 of the 1950 Code of Virginia (as amended). Plaintiff asks the Court to determine and declare that Chesterfield County Code § 12-49 is unconstitutional in that it violates the Commerce Clause of the U.S. Constitution. The County of Chesterfield filed a Grounds of Defense asking that the assessment be upheld.

Pursuant to § 58.1-3894 of the Code of Virginia (as amended), "the burden of proof shall be upon the taxpayer to show that . . . the assessment is not uniform in its application, or that the assessment is otherwise invalid or illegal, but it shall not be necessary for the taxpayer to show that intentional, systematic, and willful discrimination has been made." Upon a review of the evidence, memoranda, and the applicable law, the Court is of the opinion that Plaintiff has failed to show that the assessment was invalid.

Plaintiff states that the legal issues before this Court are (1) whether DCC is properly taxable by Chesterfield County under the County's own interpretation of its business license tax and (2) whether the ordinance is constitutional. DCC maintains that if it is not taxable in light of the County's interpretation of its ordinance, the Court will not have to address the facial invalidity issue. Plaintiff argues the County advanced its single-situs theory and, if only one situs can exist, then Illinois is the appropriate situs since it has more connections with the transactions in question than Chesterfield. Next, Plaintiff asserts the ordinance is constitutionally infirm because is provides no method of apportionment.

Defendant argues, if the Court finds that the ordinance is constitutional as applied, the facial challenge to the ordinance becomes moot. Defendant asserts the facts of this case mandate the conclusion that there is only one tax situs for the revenues generated by the Riddle contracts because only one set of activities generated those revenues. The County contends the assessment against DCC should be upheld because it complies with the four-prong test established by the United States Supreme Court in *Complete Auto Transit, Inc. v. Brady*, 430 U.S. 274, 51 L. Ed. 2d 326, 97 S. Ct. 1076 (1977).

In *Complete Auto*, the Supreme Court of the United States determined that local taxation of business engaged in interstate commerce complies with the requirements of the Commerce Clause if (1) the tax is applied to an activity that has a substantial nexus with the taxing jurisdiction; (2) the tax is fairly apportioned; (3) the tax does not discriminate against interstate commerce; and (4) the tax is fairly related to the services provided by the taxing jurisdiction. *Id.* at 279.

DCC's main argument is that the license tax assessed against it was unconstitutional because it was not fairly apportioned. Accordingly, this Court will deal only with the second prong of the *Complete Auto* test although it rules the license tax does not violate the remaining three prongs of the *Complete Auto* test.

The essence of the apportionment prong of the *Complete Auto* test is the principle concern inherent in taxation of interstate commerce, the risk of multiple taxation. *Short Brothers, Inc. v. Arlington County*, 244 Va. 520, 525,

423 S.E.2d 172 (1992). In *Short Brothers*, the Virginia Supreme Court upheld the assessment of a business license tax that the plaintiff maintained violated the United States Constitution as applied to its business. The Court stated "it is not enough to identify other jurisdictions in which sales or leases of goods occur. The taxpayer has the burden of showing that the tax assessed subjected it to the risk of double or multiple taxation and, therefore, violated the Due Process Clause and the Commerce Clause." *Id*. In this case, DCC has failed to meet this burden.

From the evidence in this case, it is not evident that another jurisdiction could tax the revenues generated by the Riddle contracts. The County only taxed the revenues generated by contracts with John Riddle's customers. The risk of double taxation must be more than a metaphysical proposition. It is the taxpayer's burden to provide information that would raise the apportionment issue. DCC has failed to carry this burden.

Therefore, this Court finds that the tax assessed against DCC complies with the *Complete Auto* test and that DCC's constitutional rights under the Due Process Clause and the Commerce Clause were not violated. As a result of this holding, the Court will not determine and declare that Chesterfield County Code § 12-49 is unconstitutional.

In *Short Brothers*, the Court stated "in view of this holding, we need not address in the abstract Short's assignment of error that business activity license taxation scheme and its administration taken as a whole are constitutionally infirm. *Id*. at 527. However, Plaintiff argues the only issue in that case was the constitutionality of a tax as it applied to Short Brothers and not a facial attack on the ordinance in question. This Court cannot determine if Short Brothers made a facial attack on the ordinance in question. Regardless, this Court ruled that the ordinance was constitutional as applied and, therefore, the facial challenge to the ordinance becomes moot. The declaratory judgment statute was not intended to vest the courts with authority to render advisory opinions or to decide moot questions. *City of Fairfax v. Shanklin*, 205 Va. 227, 135 S.E.2d 773 (1964). When questions are determinable in either a declaratory judgment proceeding or another proceeding, the court may decide the issue in either proceeding and is under no compulsion to do so in the declaratory judgment proceeding rather than the other. The trial court may in its sound discretion dismiss the declaratory judgment proceeding and determine the matter in controversy in the other proceeding. *Andrews v. Universal Moulded Prod. Corp.*, 189 Va. 527, 529, 53 S.E.2d 837 (1949).

The Court grants judgment for the Defendant.