Certiorari Denied, No. 31,850, August 18, 2009

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: 2009-NMCA-103

Filing Date: June 30, 2009

Docket No. 28,103

**MARC PRUYN,**

　　　　**Petitioner-Appellee,**

**v.**

**AMY M. LAM,**

　　　　**Respondent-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Keithly & English, P. C.
Shane A. English
Anthony, NM

for Appellee

Rosner & Chavez, LLC
Mary Rosner
Las Cruces, NM

for Appellant

**OPINION**

**GARCIA, Judge.**

**{1}**　　Marc Pruyn (Husband) stipulated to an award of spousal support to Amy Lam (Wife) as part of their divorce. This appeal arises out of the trial court's subsequent termination of the spousal support awarded to Wife. Wife argues that the district court did not have jurisdiction to modify the spousal support agreement because Subsection 40-4-7(B)(2)(a) does not expressly permit modification of the type of spousal support set out in the parties' agreement. NMSA 1978, Section 40-4-7(B)(2)(a) (1997). Husband argues that the district

1

court did have jurisdiction to modify the spousal support under Subsection 40-4-7(B)(2)(a) and pursuant to Rule 1-060(B) NMRA. We reverse the determination by the district court that Wife's spousal support was modifiable under Subsection 40-4-7(B)(2)(a). We further remand to the district court to complete its analysis and to issue a ruling regarding whether Wife's spousal support can be modified under Rule 1-060(B).

**FACTS AND PROCEDURES**

**{2}** Wife and Husband lived together for twenty-three years, and they were married for seventeen of those years. On December 27, 2004, without assistance from counsel, the parties devised and filed a marital settlement agreement (MSA) that contained the parties' spousal support arrangement. In August 2005, both parties appeared in district court for the final divorce hearing and stated that they fully understood their agreement and were willing to abide by the terms. Husband specifically answered the district court's questions regarding the MSA as follows:

> Judge: Do you understand that if I accept this and incorporate it by reference into the final decree that you'll be ordered to comply with the terms and the conditions stated therein?
> Husband: Yes, I do your Honor.
> Judge: And that if you fail or refuse to comply with these conditions, not only are you in breach of contract of the settlement agreement, but you also can be sanctioned by the court, up to and including going to jail?
> Husband: Yes, your Honor.
> Judge: And you understand that you've agreed to pay alimony on the amounts that we've discussed until the year 2019?
> Husband: Yes, I do.
> Judge: And that by making reference in the agreement that this is non-modifiable, that you will not be allowed to come back into court at a later date should you have a change of financial circumstances and ask the court to reduce that obligation. Do you understand that?
> Husband: Yes, I do.

The district court entered the final divorce decree (final decree) adopting the MSA on August 10, 2005.

**{3}** The spousal support language set forth in the MSA that was adopted by the final decree included the following handwritten provision, "[Husband] WILL PAY [Wife] 1/12 OF THE YEARLY AMOUNTS BY THE 1st OF EACH MONTH. 2005-2009 $31,375 per year; 2010-2014 $39,000 per year; 2015-2019 $23,000 per year. THIS IS NON-MODIFIABLE." Approximately one year later, Husband filed a motion to modify alimony. In response, Wife filed a motion for summary judgment that was granted by the district court. Husband then filed a timely motion for reconsideration of the court's denial of his motion to modify. After a hearing on the legal issues, the district court concluded that the

judgment incorporating the spousal support was modifiable, stating that "the alimony award contained in the [judgment] does not qualify as a single[-]sum award." *See* NMSA 1978, §§ 40-4-7(B)(1)(d) and -7(B)(2)(a) (1997). The district court then held a three-day merits trial to determine whether changed circumstances justified a modification of the judgment that incorporated the spousal support. After the hearing, the district court terminated Wife's spousal support based upon the evidence of the parties' changed circumstances. Namely, Husband was no longer "reasonably able to continue paying alimony to [Wife]," and Wife was able to "provide her own reasonable needs without assistance from [Husband]." The district court and the parties used the term "alimony." For clarity throughout the remainder of this opinion, only the term "spousal support" shall be used. *See Galassi v. Galassi*, 2009-NMCA-026, ¶ 9, __ N.M. __, 203 P.3d 161 (pointing out that the Legislature changed the nomenclature by substituting the term "spousal support" for "alimony").

**DISCUSSION**

**{4}** The central issue on appeal is whether the district court had jurisdiction to modify the judgment incorporating spousal support under Subsections 40-4-7(B)(1) and (2) or Rule 1-060(B). The primary arguments before the district court concerned the applicability of Subsections 40-4-7(B)(1) and (2).

**{5}** In Subsection 40-4-7(B)(1), the Legislature described the following five categories for spousal support:

> B. On final hearing, the court:
>
> (1) may allow either party such a reasonable portion of the spouse's property or such a reasonable sum of money to be paid by either spouse either in a single sum or in installments, as spousal support as under the circumstances of the case may seem just and proper, including a court award of:
>
> (a) rehabilitative spousal support that provides the receiving spouse with education, training, work experience or other forms of rehabilitation that increases the receiving spouse's ability to earn income and become self-supporting. The court may include a specific rehabilitation plan with its award of rehabilitative spousal support and may condition continuation of the support upon compliance with that plan;
>
> (b) transitional spousal support to supplement the income of the receiving spouse for a limited period of time; provided that the period shall be clearly stated in the court's final order;
>
> (c) spousal support for an indefinite duration;

3

> (d)     a single sum to be paid in one or more installments that specifies definite amounts, subject only to the death of the receiving spouse; or

> (e)     a single sum to be paid in one or more installments that specifies definite amounts, not subject to any contingencies, including the death of the receiving spouse[.]

*Galassi*, 2009-NMCA-026, ¶ 10 (describing "five categories or types of spousal support that a district court may order"). In Subsection 40-4-7(B)(2)(a), the Legislature allowed modifications to spousal support by the district court as follows:

> (2)     [the district court] may:

> (a)     modify and change any order in respect to spousal support awarded pursuant to the provisions of Subparagraph (a), (b) or (c) of Paragraph (1) of this subsection whenever the circumstances render such change proper[.]

**{6}**     At the hearing on Husband's motion to modify spousal support and Wife's motion for summary judgment, Wife argued that spousal support was non-modifiable because the award fell into the single-sum category set forth in Subsection 40-4-7(B)(1)(e). At a subsequent hearing, she admitted that she made an error and that Subsection 40-4-7(B)(1)(d) was the correct subsection. Wife also argued that Subsection 40-4-7(B)(2)(a) does not allow modification of these two categories of spousal support. Wife further argued that Husband failed to set forth specific allegations for relief under Rule 1-060. Husband countered that the district court had equitable jurisdiction under both the statute and Rule 1-060 to amend the spousal support agreement made by the parties. The district court denied Husband's motion to modify spousal support and granted Wife's summary judgment motion. The court reasoned that because a discernable total amount can be calculated from all the payments, the award constituted a non-modifiable single sum under Subsection 40-4-7(B)(1)(e) and that Husband had not presented sufficient evidence to modify that sum under Rule 1-060.

**{7}**     Husband then filed a timely motion for reconsideration. Husband asserted that because the parties failed to state a specific sum, Subsection 40-4-7(B)(1)(d) did not apply and the spousal support was modifiable pursuant to Subsection 40-4-7(B)(2)(a). In addition, he argued that spousal support was modifiable under Rule 1-060(B). Wife countered with the same arguments presented at the previous hearing. At the conclusion of the hearing on the motion for reconsideration, the district court asked for supplemental briefing to address whether a single sum must be stated or whether the sum can be calculated from the payment amounts to qualify under Subsection 40-4-7(B)(1)(d). The district court never specifically addressed the motion under Rule 1-060(B). After receiving the supplemental briefing, the court granted Husband's motion for reconsideration, finding that "the [spousal support] award contained in the [MSA] does not qualify as a single[-]sum award and that [the c]ourt

4

has equitable authority to modify the [spousal support] award." This Court does not fault the district court for rendering a decision that chooses only one of Husband's alternative arguments regarding the jurisdiction to modify the spousal support award.

**ANALYSIS OF SECTION 40-4-7(B)**

**{8}** Wife argues on appeal that the district court lacked statutory jurisdiction to modify the judgment incorporating spousal support. We interpret Section 40-4-7(B) de novo. *Edens v. Edens*, 2005-NMCA-033, ¶ 27, 137 N.M. 207, 109 P.3d 295.

**{9}** Under our current divorce statutes, Subsection 40-4-7(B)(2)(a) grants the district courts authority to modify judgments incorporating certain types of spousal support. *See* 2A Norman J. Singer, *Statutes and Statutory Construction* § 69:7, at 393 (6th ed. 2003) (stating that divorce is a statutory action and therefore court authority is limited by statutory language). Subsection 40-4-7(B)(2)(a) references Subsection 40-4-7(B)(1), so we must read the two subsections together. Subsection 40-4-7(B)(2)(a) grants district courts jurisdiction to modify judgments incorporating support awards only if the awards fall into the categories listed in Subsections 40-4-7(B)(1)(a) to (c). *Edens*, 2005-NMCA-033, ¶ 27 ("[Subsection] 40-4-7(B)(2)(a) plainly limits the support awards subject to modification."). Subsections 40-4-7(B)(1)(a) to (c) describe spousal support that is rehabilitative, transitional, and indefinite in nature. The parties both acknowledge that the spousal support set forth in the MSA is not rehabilitative, transitional, or indefinite. The statutory "provision permitting modification does not apply to [single-sum] awards under [Subsection] 40-4-7(B)(1)(d)." *Edens*, 2005-NMCA-033, ¶ 27; *see Galassi*, 2009-NMCA-026, ¶ 18 (referring to spousal support in Subsection 40-4-7(B)(1)(d) as non-modifiable). The statute, therefore, does not provide the district court jurisdiction to modify the spousal support awarded pursuant to the parties' MSA and adopted in the final decree.

**{10}** Husband argues that the spousal support award does not fit into any of the categories listed in Subsections 40-4-7(B)(1)(a) to (e). He asserts that "[a]n ambiguity therefore exists in the statute as applied to the award in this case and the statute should be construed according to its obvious spirit or reason and not in such a way that would lead to injustice, absurdity or contradiction. . . . [T]he logical construction of the statute consistent with its spirit or reason is that it grants the court authority to modify the award if warranted by the circumstances." (Internal quotation marks and citation omitted). We disagree with Husband's position for two reasons. First, based on our analysis in *Deeds v. Deeds*, 115 N.M. 192, 194-95, 848 P.2d 1119, 1121-22 (Ct. App. 1993), the spousal support in the MSA can be categorized under Subsection 40-4-7(B)(1)(d). Second, Husband's reliance on the spirit of the statute is misplaced because the standards for modification established under prior versions of the statute are no longer applicable.

**{11}** Subsection 40-4-7(B)(1)(d) describes a spousal support award as "a single sum to be paid in one or more installments that specifies definite amounts, subject only to the death of the receiving spouse[.]" Husband argues that the spousal support does not fit into this

category because the MSA does not state a specific single sum but rather several fractional amounts payable over a definite duration. This Court has defined single-sum spousal support as "'the award of a definite sum of money; and if the sum is payable in installments[,] the payments run for a definite length of time.'" *Deeds*, 115 N.M. at 194, 848 P.2d at 1121 (alteration in original) (quoting 24 Am. Jur. 2d *Divorce and Separation* § 635, at 632 (1983)); *see Edens*, 2005-NMCA-033, ¶ 27 (using interchangeably the terms "single sum" and "lump sum" to describe spousal support). Single-sum spousal support is usually stated as a specific amount of money awarded either all at once or in payments. In *Deeds*, this Court analyzed whether spousal support in that case was properly categorized as a lump sum in order to determine whether the district court had jurisdiction to modify the judgment incorporating the spousal support award. 115 N.M. at 193-94, 848 P.2d at 1120-21 (applying the previous version of the spousal support statute). This Court acknowledged that a single sum could be calculated by adding together the payment amounts stated in the marital settlement agreement. *Id.* at 194, 848 P.2d at 1121.

**{12}** The spousal support language in the MSA conforms with Subsection 40-4-7(B)(1)(d) in all regards except that it does not state a single-sum amount. As was the case in *Deeds*, it is a simple calculation to determine the total single-sum amount awarded to Wife under the final decree. *Id.* The amount of payments stated are for a definite fifteen-year duration (2005-2019). The parties checked "B.2.1" on the MSA form that states, "The support will end if the person to receive the support dies." This designation by the parties terminates payments upon Wife's death and conforms to the language in Subsection 40-4-7(B)(1)(d). The parties included a handwritten provision at the end of the spousal support section of the MSA form that states, "THIS IS NON-MODIFIABLE." In August 2005, the district court stated that the judgement incorporating the spousal support agreement was a non-modifiable contract. The district court specifically explained to Husband that he could not change the terms of the agreement regardless of future events, and Husband acknowledged this restriction. The district court also explained that if Husband failed to comply with the terms of the agreement, he would be in breach of contract and could receive sanctions including jail time. Unlike *Deeds* where there was no indication of the parties' intent, the evidence in this case clearly expresses the intentions of the parties.

**{13}** We next address Husband's argument that the district court has jurisdiction to modify the judgment based on the spirit and construction of the statute. Husband states two reasons to support his position: (1) historically the district court could modify any order incorporating a marital settlement agreement if the circumstances justified such a change and (2) the language in the current statute does not "suggest a legislative intent to restrict the district court's authority to modify" judgments incorporating marital settlement agreements.

**{14}** Prior to the 1993 amendment to Subsection 40-4-7(B)(2), the district court had authority to amend all judgments incorporating spousal support if the circumstances warranted such a change. NMSA 1953, § 22-7-6(B)(1)-(3) (Vol. 5, 1975 Pocket Supp.); NMSA 1953, § 22-7-6 (Vol. 5, 1943); *Galassi*, 2009-NMCA-026, ¶ 7. However, in 1993, the Legislature "worked a dramatic change in the statute." *Galassi*, 2009-NMCA-026, ¶ 9.

The Legislature listed five specific types of available spousal support, including four new types of spousal support. Sections 40-4-7(B)(1)(a)-(e). Significantly, the Legislature amended the modification provisions and added language that limits jurisdiction to modify judgments incorporating spousal support. Section 40-4-7(B)(2)(a); *Galassi*, 2009-NMCA-026, ¶ 11. Instead of continuing to allow district courts to modify all judgments incorporating spousal support, the Legislature enacted a new subsection limiting such modifications. Section 40-4-7(B)(2)(a); *Galassi*, 2009-NMCA-026, ¶ 11. The new language signals the Legislature's intent to reduce the district court's statutory authority to modify spousal support judgments. *See Galassi*, 2009-NMCA-026, ¶¶ 15-16; *see also Bettini v. City of Las Cruces*, 82 N.M. 633, 635, 485 P.2d 967, 969 (1971) ("[W]e must presume that the [L]egislature, in enacting a statute, intended to change the law as it had theretofore existed."). Today's courts have less statutory authority to amend judgments incorporating spousal support, even if equitable justification might exist. Section 40-4-7(B)(2). We will not read into the statute broad language that is not there. *Burroughs v. Bd. of County Comm'rs of Bernalillo County*, 88 N.M. 303, 306, 540 P.2d 233, 236 (1975) (stating that an appellate court "will not read into a statute . . . language which is not there, particularly if it makes sense as written"). We determine that the parties' spousal support is a single sum pursuant to Subsection 40-4-7(B)(1)(d), which is not statutorily modifiable under Subsection 40-4-7(B)(2)(a).

**APPLICATION OF RULE 1-060**

**{15}** Husband argues that Rule 1-060(B)(5) and (6) provide the district court with an alternative basis for jurisdiction to amend the 2005 award of spousal support. Rule 1-060(B) sets out the criteria under which a party can seek relief from a final judgment or order. Husband first raised this Rule 1-060 argument at the hearing on the motion to modify spousal support. The court denied the motion insofar as it was grounded in Rule 1-060, stating in part that insufficient evidence was presented to grant the motion under Rule 1-060. Husband again raised a Rule 1-060(B) issue in his motion for reconsideration, and both parties argued its applicability at the hearing on the motion. The district court, however, never expressly ruled on the Rule 1-060(B) issue at the reconsideration hearing.

**{16}** The district court did enter findings of fact and conclusions of law following the reconsideration hearing and the review of the supplemental briefing. In the findings and conclusions, the court ruled only on the statutory basis for modification pursuant to Section 40-4-7(B). In the conclusions of law, the court specifically stated, "The [spousal support] award contained in the [MSA] does not qualify as a single[-]sum award and this [c]ourt retains equitable authority to modify the [spousal support] award." No final reference was made to Rule 1-060. Although the court failed to state the basis for its "equitable authority" for modification, the analysis set forth in the district court's findings indicate that it was based upon the change in circumstances allowed under Subsection 40-4-7(B)(2)(a).

**{17}** There is no clear evidence in this case that the court addressed the parties' Rule 1-060(B) arguments with finality when it reconsidered its original ruling. On appeal, we

cannot decide an issue that the district court failed to address with finality. *See Palmer v. Palmer*, 2006-NMCA-112, ¶ 24, 140 N.M. 383, 142 P.3d 971 (remanding to the district court for a final ruling regarding attorney fees); *State ex. rel Children, Youth & Families Dep't v. Frank G.*, 2005-NMCA-026, ¶ 40, 137 N.M. 137, 108 P.3d 543 ("The general rule in New Mexico for determining the finality of a judgment is whether all issues of law and fact have been determined and the case disposed of by the [district] court to the fullest extent possible." (internal quotation marks and citation omitted)), *aff'd*, *In re Pamela A.G.*, 2006-NMSC-019, 139 N.M. 459, 134 P.3d 746. The district court failed to rule with finality on the alternative theory of applying Rule 1-060(B), failed to identify any analysis under Rule 1-060(B), and failed to render specific findings and conclusions pursuant to Rule 1-060(B). Therefore, we remand and instruct the district court to address Husband's motion for reconsideration pursuant to Rule 1-060(B). We further instruct the district court to address the Rule 1-060(B) issues consistent with the previous rulings from this Court set forth in *Galassi* and *Edens*. *See Galassi*, 2009-NMCA-026, ¶ 17; *Edens*, 2005-NMCA-033, ¶¶ 13-25.

## ADDITIONAL ISSUES

**{18}**    Wife raises additional issues that require little discussion. First, she argues that the language, "THIS IS NON-MODIFIABLE," in the MSA contractually prevents the parties from seeking modification. Wife provided no authority for this argument and failed to rebut the applicable authorities cited by Husband in his brief. *See Bustos v. Bustos*, 100 N.M. 556, 559, 673 P.2d 1289, 1292 (1983). This Court will not address arguments presented by a party that are not supported by authority. *Stockton v. N.M. Taxation & Revenue Dep't*, 2007-NMCA-071, ¶ 16, 141 N.M. 860, 161 P.3d 905. Additionally, we hold that Subsections 40-4-7(B)(1) and (2) and Rule 1-060(B) are controlling. *See Galassi*, 2009-NMCA-026, ¶ 6; *Edens*, 2005-NMCA-033, ¶¶ 13-25. Next, Wife contends that the district court erred when it did not grant her interlocutory appeal. This issue is now moot because we have addressed the jurisdictional concerns on appeal. Finally, Wife challenges the district court's findings of fact. This issue also is now moot because we reverse the district court's grant of Husband's motion for reconsideration pursuant to Section 40-4-7(B), and we remand for further consideration and a final ruling on the motion for reconsideration.

## CONCLUSION

**{19}**    We reverse the district court's ruling on Husband's motion for reconsideration regarding whether Wife's spousal support was modifiable under Subsection 40-4-7(B)(2)(a), and we remand for further consideration and a final ruling on the motion for reconsideration pursuant to Rule 1-060(B).

**{20}    IT IS SO ORDERED.**

_____

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**


_____

**MICHAEL E. VIGIL, Judge**


**Topical Index for _Pruyn v. Lam_, 28,103**

| | |
|---|---|
| **AE** | **APPEAL & ERROR** |
| AE-AO | Appealable Order |
| AE-IA | Interlocutory Appeal |
| | |
| **CP** | **CIVIL PROCEDURE** |
| CP-SJ | Summary Judgment |
| | |
| **DR** | **DOMESTIC RELATIONS** |
| DR-AL | Alimony |
| DR-CC | Change in Circumstances |
| DR-MD | Modification of Final Decree |
| DR-SS | Spousal Support |
| | |
| **RE** | **REMEDIES** |
| RE-EQ | Equity |
| | |
| **ST** | **STATUTES** |
| ST-IP | Interpretation |
| ST-LI | Legislative Intent |