This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**MARC PRUYN,**

Petitioner-Appellant,

v.                                                    **NO. 30,494**

**AMY M. LAM,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Keithly & English, LLC
Shane A. English
Anthony, NM

for Appellant

Carolyn J. Baca Waters, P.C.
Carolyn J. Waters
Las Cruces, NM

for Appellee

**MEMORANDUM OPINION**

**FRY, Judge.**

Husband sought relief under Rule 1-060(B) NMRA from a marital settlement agreement in which he agreed to a nonmodifiable award of spousal support to Wife. The district court denied relief, and we affirm.

**BACKGROUND**

The parties are familiar with the factual and procedural background of this case, which is set out in our prior opinion, *Pruyn v. Lam*, 2009-NMCA-103, 147 N.M. 39, 216 P.3d 804. In that opinion, we held that the district court did not have the authority under NMSA 1978, Section 40-4-7-(B)(1)(d) (1997) to modify the parties' agreement awarding Wife nonmodifiable, lump sum spousal support. *Pruyn*, 2009-NMCA-103, ¶ 14. We remanded the case to the district court to address Husband's motion for reconsideration to the extent that the motion relied on Rule 1-060(B). *Pruyn*, 2009-NMCA-103, ¶ 17. The district court ruled that Rule 1-060(B) did not apply to permit modification of the spousal support award, and Husband has appealed.

**DISCUSSION**

Husband argues that the district court erroneously refused to modify the award of spousal support under Subsections (5) or (6) of Rule 1-060(B). "We generally review the trial court's ruling under Rule 1-060(B) for an abuse of discretion except in those instances where the issue is one of pure law." *Edens v. Edens*, 2005-NMCA-033, ¶ 13, 137 N.M. 207, 109 P.3d 295 (internal quotation marks omitted). An abuse of discretion occurs when "the court's ruling exceeds the bounds of all reason . . . or [when] the judicial action taken is arbitrary, fanciful, or unreasonable." *Id.* (omission in original) (internal quotation marks omitted).

**Rule 1-060(B)(5)**

Husband relies on the portion of Rule 1-060(B)(5) that allows a court to set aside a judgment if "it is no longer equitable that the judgment should have prospective application." He argues that enforcement of the support award would be inequitable for the same reasons that the district court relied on when it modified the award prior to the first appeal. *See Pruyn*, 2009-NMCA-103, ¶ 3. In that order of modification, which this Court reversed in the first appeal, the district court relied on the facts that Husband had to work long hours in order to pay the support he owed to Wife, that this workload took a toll on Husband's physical and mental health, and that since the divorce, Wife has acquired further education and is gainfully employed and able to support herself.

On remand following the first appeal, the district court concluded that Rule 1-060(B) did not apply to permit modification of the spousal support award. In doing so, the court found that, at the final dissolution hearing, it had questioned Husband about the provisions of the agreed-upon support award, "specifically going over the various levels of payment [Husband] had agreed to pay," whereupon Husband "agreed that the agreement was fair." The court also found that "[t]he parties' intent as to the spousal support payments was clearly expressed." In addition, the court found that "[i]t was reasonably foreseeable at the time the . . . [v]erified [m]arital [s]ettlement

4

[a]greement was filed that": (1) Wife "would take steps to improve her employability so she could support herself," and (2) Husband "might have a reduced income in his future earnings, during the term of the required spousal support payments." Husband has not challenged these findings on appeal, and they are therefore binding. *See Martinez v. Sw. Landfills, Inc.*, 115 N.M. 181, 186, 848 P.2d 1108, 1113 (Ct. App. 1993) ("[A]n appellant is bound by the findings of fact made below unless the appellant properly attacks the findings [of fact.]").

In light of these findings, we conclude that the district court properly acted within its discretion when it refused to grant Husband relief under Rule 1-060(B)(5). It is settled law in New Mexico that under Rule 1-060(B)(5), "[a] change in condition sufficient to justify modification of [a] decree must derive from a circumstance that could not have been foreseen at the time of the decree." *Barnes v. Shoemaker*, 117 N.M. 59, 67, 868 P.2d 1284, 1292 (Ct. App. 1993). The district court expressly found that the parties' current financial circumstances were foreseeable at the time they entered into their agreement.

Husband does not argue that the parties' present financial situation was unforeseeable. Instead, Husband appears to claim that he made a terrible mistake at the time he agreed to the spousal support because "[the] award bore no rational relation to Wife's legitimate financial need at the time considering her earning

capacity or to Husband's then existing ability to pay." Thus, Husband contends that the agreement was *never* equitable, not that "it is *no longer* equitable that the judgment should have prospective application." Rule 1-060(B)(5) (emphasis added). His argument does not place the parties' circumstances within the purview of Rule 1-060(B)(5).

Husband places heavy emphasis on a sentence in *Harkins v. Harkins*, where our Supreme Court stated that "*[i]f equitable*, a stipulated agreement should not be vacated merely because an award may have been unwise or unfortunate in light of subsequent events." 101 N.M. 296, 297, 681 P.2d 722, 723 (1984) (emphasis added). It follows from this statement, according to Husband, that an inequitable stipulated agreement should be vacated. There are two problems with this argument. First, the statement in *Harkins* followed a sentence that clarified the Court's intent, which was to note that "[i]n most cases a stipulation and agreement entered into without fraud or imposition and approved by the trial court is generally enforced and should not be set aside." *Id.* Here, there is nothing suggesting the existence of fraud or imposition. Second, *Barnes*, decided after *Harkins* in the specific context of a Rule 1-060(B)(5) challenge, established that judgments should not be modified unless there are circumstances that could not have been foreseen at the time the judgment was entered. *See Barnes*, 117 N.M. at 67, 868 P.2d at 1292. Because the district court in this case

6

found the present circumstances to be foreseeable, the support agreement cannot be deemed to be inequitable.

Husband further challenges the district court's reliance on the foreseeability standard stated in *Barnes*. He argues that the correct standard is that stated in *Rochester v. Rochester*, where we reviewed a judgment denying a father relief from a child support decree that had ordered the father to pay the mother $2.5 million in child support. 1998-NMCA-100, ¶¶ 3, 9, 125 N.M. 369, 961 P.2d 794. The father had paid the obligation in full and then sought partial relief from the decree because custody of the parties' child was transferred from the mother to the father. *Id.* ¶¶ 4-6. In affirming the district court's denial of relief, we stated that "[b]ecause the lump-sum award had been paid in full, it was not executory and no further judicial supervision was necessary to assure its payment." *Id.* ¶ 18. Therefore, Rule 1-060(B)(5) did not apply because the judgment no longer had "prospective application" as required by the rule. *Rochester*, 1998-NMCA-100, ¶¶ 16, 18.

Husband's argument based on this language in *Rochester* is misplaced. Although the spousal support award in the present case has not yet been paid, this fact does not by itself trigger application of Rule 1-060(B)(5). In addition to requiring a judgment with prospective application, the rule requires the challenging party to demonstrate that such application would no longer be equitable. *See* Rule 1-

7

060(B)(5). As we have already discussed, the district court's unchallenged findings establish that the parties' present circumstances were foreseeable when the parties agreed to the spousal support and, therefore, the agreement cannot be deemed to be inequitable.

**Rule 1-060(B)(6)**

Husband argues that, even if Rule 1-060(B)(5) does not apply, he is entitled to relief from the spousal support agreement under Rule 1-060(B)(6) because the support award "was contrary to all reason in that there was a lack of need for the award by Wife and an inability to pay the award by Husband." In support, Husband recites the parties' respective financial circumstances at the time they agreed to the spousal support award. Again, Husband's argument boils down to the contention that he mistakenly agreed to the award *at the time of the agreement*, not that he became unable to comply with the agreement due to changed circumstances that developed after he entered into the agreement.

"Rule 1-060(B)(6) is designed to apply only to exceptional circumstances, which, in the sound discretion of the trial judge, require an exercise of a reservoir of equitable power to assure that justice is done." *Stein v. Alpine Sports, Inc.*, 1998-NMSC-040, ¶ 17, 126 N.M. 258, 968 P.2d 769 (internal quotation marks omitted). Because Husband's argument for relief from the agreement is, in essence, that he

made a mistake by agreeing to harsh terms, we fail to see how his mistake amounts to exceptional circumstances. *See Rochester*, 1998-NMCA-100, ¶¶ 3, 21 (stating that relief under Rule 1-060(B)(6) was not appropriate where the parties had agreed to a lump-sum award of child support to the mother of $2.5 million and the father had paid the sum in full and then sought partial credit for amounts paid when he obtained custody of the child).

Husband maintains that the spousal support award—to which he voluntarily agreed—is unconscionable. He argues that the agreement is contrary to public policy and grossly unfair because "it creates an extreme and unnecessary hardship on Husband and because it permits Wife to abdicate her responsibility for her own support and maintenance." Husband's argument amounts to something akin to buyer's remorse, not the type of unfairness contemplated by our case law regarding unconscionability. *See, e.g.*, *Fiser v. Dell Computer Corp.*, 2008-NMSC-046, ¶ 21, 144 N.M. 464, 188 P.3d 1215 (holding unconscionable an arbitration clause's class action ban because it was "tantamount to allowing [the d]efendant to unilaterally exempt itself from New Mexico consumer protection laws" and therefore violated public policy); *Rivera v. Rivera,* 2010-NMCA-106, ¶ 25, 149 N.M. 66, 243 P.3d 1148 (concluding that premarital agreement was unconscionable because it violated the public policy stated in a statute prohibiting premarital agreements that adversely affect

a spouse's right to support), *cert. denied*, 2010-NMCERT-010, 149 N.M. 64, 243 P.3d 1146. In addition, we have previously made it clear that a mutually agreed-upon marital settlement agreement is not unconscionable. *See Galassi v. Galassi*, 2009-NMCA-026, ¶ 17, 145 N.M. 630, 203 P.3d 161 (stating that marital settlement agreements "providing for nonmodifiable lump sum support are not unconscionable").

Husband further argues that the district court felt constrained by our decision in the first appeal to conclude that Rule 1-060(B) did not apply. It is true that the district court commented that it did not see that it had "any wiggle room" based on our opinion. However, "[o]ral statements of a judge in articulating his [or her] ruling at the close of trial do not constitute a 'decision' . . . and error may not be predicated thereon." *Balboa Constr. Co. v. Golden*, 97 N.M. 299, 304, 639 P.2d 586, 591 (Ct. App. 1981) (citation omitted). The court's written findings expressly determined that the circumstances argued by Husband as a basis for relief from the decree were foreseeable at the time the parties entered into their marital settlement agreement.

In summary, we acknowledge that Husband believes that he made an unwise and burdensome decision when he agreed to the nonmodifiable award of spousal support. Yet he expressly told the district court at the final dissolution hearing that he understood each term of the agreement, that he knew he could not come back and ask the court to reduce his obligation, and that he understood that if he failed to

comply with the agreement, he would be in breach of the agreement and could be sanctioned. *Pruyn*, 2009-NMCA-103, ¶ 2. Thus, he freely and consciously agreed to the support. Under these circumstances, "[t]he law favors finality and [t]he public policy of this state discourages repeated attempts to reopen support decrees." *Edens*, 2005-NMCA-033, ¶ 23 (second alteration in original) (internal quotation marks omitted).

**CONCLUSION**

For the foregoing reasons, we affirm the district court's judgment denying Husband relief under Rule 1-060(B).

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

11

**WE CONCUR:**

_____

**CELIA FOY CASTILLO, Chief Judge**

_____

**MICHAEL E. VIGIL, Judge**