This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39364**

**DAVID S. PETERSON,**

Plaintiff-Appellant,

v.

**SANDRA DIETZ, AMY LOVERIDGE,
RICKY MADRID, MARK J. NUNLEY,
and NEW MEXICO PAROLE BOARD,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Benjamin Chavez, District Court Judge**

Business Law Southwest LLC
Donald F. Kochersberger III
Alicia M. McConnell
Albuquerque, NM

for Appellant

Narvaez Law Firm, P.A.
Henry F. Narvaez
Albuquerque, NM

Garcia Law Group, LLC
Bryan C. Garcia
Rodney L. Gabaldon
Jade P. Delfin
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**BACA, Judge.**

**{1}** Plaintiff David S. Peterson filed a pro se "Complaint for Damages and Declaratory Judgment and Decree" against Defendants Sandra Dietz, Amy Loveridge, Ricky Madrid, Mark J. Nunley, and the New Mexico Parole Board. Plaintiff appeals from the "Order Granting Defendants' Motion to Dismiss the Complaint for Damages and Declaratory Judgment and Decree." On appeal, Plaintiff contends that the district court erred by: (1) dismissing his claim on the grounds that New Mexico's parole statutes and regulations do not create a liberty interest in parole release or in a parole hearing, and therefore no due process protections are required; (2) failing to consider Plaintiff's claim that the New Mexico Constitution confers due process rights in connection with parole release or a parole hearing; (3) dismissing Plaintiff's claim that the Parole Board failed to comply with the requirements imposed by New Mexico's statutes and administrative code in conducting his parole hearing and that Plaintiff is therefore entitled to declaratory and injunctive relief; (4) failing to address Plaintiff's claim that the Parole Board was required to comply with the legal residuum rule at his parole hearing; and (5) failing to adjudicate Plaintiff's claim for relief under the New Mexico Declaratory Judgment Act. *See* NMSA 1978, §§ 44-6-1 to -15 (1975). Because we agree with Plaintiff that the district court erred by failing to address all of his claims for relief as set forth in his complaint, we reverse.

## BACKGROUND

**{2}** Because this is an unpublished memorandum opinion written solely for the benefit of the parties, *see State v. Gonzales*, 1990-NMCA-040, ¶ 48, 110 N.M. 218, 794 P.2d 361, and the parties are familiar with the factual and procedural background of this case, we omit a background section and leave the discussion of the facts for our analysis of the issues.

## DISCUSSION

### I. The District Court Erred by Dismissing Plaintiff's Complaint Without Addressing All of Plaintiff's Claims for Relief

**{3}** In this appeal, Plaintiff contends that the district court committed error in dismissing his complaint without addressing each of his claims for relief, specifically: (1) Plaintiff's claim that the New Mexico Constitution gives rise to a due process right to parole release or a parole hearing; (2) Plaintiff's claim that the Parole Board was required to comply with the legal residuum rule at his parole hearing; (3) Plaintiff's plea for relief under the New Mexico Declaratory Judgment Act; and (4) Plaintiff's claim that the board failed to comply with the requirements imposed by New Mexico's statutes and administrative code in conducting his parole hearing and that Plaintiff is therefore entitled to declaratory and injunctive relief. We address each in turn.

### A. Standard of Review

**{4}** Whether the district court properly granted a motion to dismiss pursuant to Rule 1-012(B)(6) NMRA is a question of law that we review de novo. *Fitzjerrell v. City of Gallup ex rel. Gallup Police Dep't*, 2003-NMCA-125, ¶ 8, 134 N.M. 492, 79 P.3d 836. Dismissal pursuant to this rule is proper only if a plaintiff is not "legally entitled to relief under any set of provable facts." *Id.*

**B.     We Remand to the District Court to Address Whether the New Mexico Constitution Confers Due Process Rights in Connection With Parole Release or Parole Hearings**

**{5}** "When a litigant asserts protection under a New Mexico Constitutional provision that has a parallel or analogous provision in the United States Constitution, the requirements for preserving the claim for appellate review depend on current New Mexico precedent construing that state constitutional provision." *State v. Gomez*, 1997-NMSC-006, ¶ 22, 122 N.M. 777, 932 P.2d 1. If established precedent construes the state's constitutional provision as providing more protection than its federal counterpart, "the claim may be preserved by (1) asserting the constitutional principle that provides the protection sought under the New Mexico Constitution, and (2) showing the factual basis needed for the [district] court to rule on the issue." *Id.* This is the same as is required when "asserting a right under the federal constitution, a federal statute, a state statute, or common law." *Id.*

**{6}** "However, when a party asserts a state constitutional right that has *not* been interpreted differently than its federal analog, a party also must assert *in the* [*district*] *court* that the state constitutional provision at issue should be interpreted more expansively than the federal counterpart *and* provide reasons for interpreting the state provision differently from the federal provision." *Id.* ¶ 23. This enables the district court to tailor its proceedings and to effectuate a ruling on the issue. *Id.* Accordingly, here in order to preserve the issue for review, Plaintiff needed to assert in the district court (1) that the New Mexico Constitution's Due Process Clause should be interpreted more expansively than the United States Constitution's Due Process Clause; and (2) provide reasons for interpreting the New Mexico Constitution's Due Process Clause more expansively. We conclude that Plaintiff has properly preserved his claim under the New Mexico Constitution.

**{7}** Plaintiff properly asserted in the district court that the New Mexico Constitution's Due Process Clause should be interpreted more expansively than that of the United States Constitution. In his response to Defendants' first motion to dismiss, Plaintiff asserted that "a higher due process standard is required by the N.M. Constitution [art. II, § 18]." Plaintiff provided reasons, as well, why New Mexico Constitution's Due Process Clause should be interpreted more expansively. He asserted that "our [C]onstitution sets a higher standard for protection of convicts and mandates habilitation." In support of that assertion, Plaintiff cited Article 20, Sections 15 and 18 of the New Mexico Constitution. Section 15 states that "[t]he penitentiary is a reformatory and an industrial school." N.M. Const. art. XX, § 15. He also cited *Montoya v. Ulibarri*, 2007-NMSC-035, 142 N.M. 89, 163 P.3d 476 in which the New Mexico Supreme Court stated that "Article

II, Section 18, ensuring due process . . . [has] been interpreted as providing greater protection than [its] federal counterpart[]." *Montoya*, 2007-NMSC-035, ¶ 22. Finally, Plaintiff argued that the standard announced in *Board of Education of Carlsbad Municipal Schools v. Harrell* should control. 1994-NMSC-096, ¶¶ 23, 25, 118 N.M. 470, 882 P.2d 511. In *Harrell*, our Supreme Court said,

> Due process requires that the proceedings looking toward a deprivation be essentially fair. . . . The essential elements of the adversary process, some or all of which may be required as part of the due process afforded an individual when the government deprives him of life, liberty, or property through the action of a state agency, are: (1) adequate notice of the charges or basis for government action; (2) a neutral decision-maker; (3) an opportunity to make an oral presentation to the decision-maker; (4) an opportunity to present evidence or witnesses to the decision-maker; (5) a chance to confront and cross-examine witnesses or evidence to be used against the individual; (6) the right to have an attorney present the individual's case to the decision-maker; (7) a decision based on the record with a statement of reasons for the decision.

*Id.* (internal quotation marks and citations omitted).

**{8}** These arguments sufficed to preserve this issue for appeal in the district court. *See* Rule 12-321(A) NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the [district] court was fairly invoked."). Allowing Plaintiff's appeal would be consistent with the primary purposes of preservation, which are:

> (1) to specifically alert the district court to a claim of error so that any mistake can be corrected at that time, (2) to allow the opposing party a fair opportunity to respond to the claim of error and to show why the district court should rule against that claim, and (3) to create a record sufficient to allow this Court to make an informed decision regarding the contested issue.

*Kilgore v. Fuji Heavy Indus. Ltd.*, 2009-NMCA-078, ¶ 50, 146 N.M. 698, 213 P.3d 1127.

**{9}** In this instance, the district court was alerted to the claim of error and had a meaningful opportunity to correct any mistake, and Defendants had a meaningful opportunity to respond. *See State v. Woodruff*, 1997-NMSC-061, ¶ 21, 124 N.M. 388, 951 P.2d 605 (holding that a state constitutional claim was properly preserved where the lower court's decision was "fairly invoked," the district court was "alerted to the claim of error and had a meaningful opportunity to correct any mistake, and the prosecutor had a fair opportunity to respond"). Plaintiff raised this issue in his complaint, in his responses to Defendants' motions to dismiss and in Plaintiff's memorandum in support of his motion for summary judgment. Consequently, the issue of whether New Mexico's Constitution provides due process protection for parole release or parole hearings is properly before this Court.

**{10}** The Due Process Clauses of both the New Mexico Constitution and the United States Constitution provide that no state shall deprive any person of life, liberty, or property, without due process of law. N.M. Const. art. II, § 18; U.S. Const. amend XIV, § 1. This Court applies the interstitial approach articulated in *Gomez* when analyzing a constitutional provision with a federal analogue. 1997-NMSC-006, ¶ 20; *Morris v. Brandenburg* (*Morris II*), 2016-NMSC-027, ¶ 19, 376 P.3d 836. "Under the interstitial approach, we must first examine whether an asserted right is protected under an equivalent provision of the United States Constitution." *Morris II*, 2016-NMSC-027, ¶ 19. If the asserted right is protected, then the claim under the New Mexico Constitution is not reached. *Id.* However, "[i]f the right is not protected, then the Court must determine whether flawed federal analysis, structural differences between state and federal government, or distinctive state characteristics require a divergence from established federal precedent in determining whether the New Mexico Constitution protects the right." *Id.* (internal quotation marks and citation omitted).

**{11}** As the district court noted, the United States Supreme Court has held that under the Due Process Clause of the Fourteenth Amendment to the United States Constitution there is no inherent right to due process when a parole board considers whether to grant discretionary parole. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 3, 7 (1979) ("We granted certiorari to decide whether the Due Process Clause of the Fourteenth Amendment applies to discretionary parole-release determinations . . . . There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). Therefore, the district court concluded that the asserted right to parole is not protected under the United States Constitution.

**{12}** However, since the right to due process when a parole board considers whether to grant discretionary parole is not protected by the federal constitution, the district court was required to determine whether divergence from federal precedent was required under the New Mexico Constitution. *Morris II*, 2016-NMSC-027, ¶ 19 ("If the right is not protected, then the Court *must* determine whether flawed federal analysis, structural differences between state and federal government, or distinctive state characteristics require a divergence from established federal precedent in determining whether the New Mexico Constitution protects the right." (emphasis added) (internal quotation marks and citation omitted)). However, the district court did not address Plaintiff's claim that the New Mexico Constitution gives rise to a due process right to parole.

**{13}** On appeal, "[w]e have discretion under certain circumstances to resolve any issue raised on appeal, regardless of whether the district court had an opportunity to resolve that issue." *See* Rule 12-321 (limiting appellate scope of review to issues where it "appear[s] that a ruling or decision by the [district] court was fairly invoked," but granting appellate courts the discretion to consider unpreserved questions involving the "fundamental rights of a party"); *see also Morris v. Brandenburg* (*Morris I*), 2015-NMCA-100, ¶ 51, 356 P.3d 564, *aff'd*, *Morris II*, 2016-NMSC-027. "However, we also have the discretion to remand a case to the district court to address alternative claims or theories raised by the parties that it declined to address at the trial level." *Morris I*, 2015-NMCA-

100, ¶ 51; *see also Pruyn v. Lam,* 2009-NMCA-103, ¶ 17, 147 N.M. 39, 216 P.3d 804 (declining to address on appeal an alternative theory raised in the district court because the district court did not address the alternative theory and remanding the case to the district court to address that theory).

**{14}**   There is no clear evidence in this case that the district court addressed Plaintiff's argument that the New Mexico Constitution provides broader protection than does the United States Constitution, giving rise to a due process protection for parole release or parole hearings. *Pruyn*, 2009-NMCA-103, ¶ 17 ("There is no clear evidence in this case that the court addressed the parties' . . . arguments with finality."). In New Mexico, a judgment is final if "'all issues of law and fact have been determined and the case disposed of by the district court to the fullest extent possible.'" *Id.* (quoting *State ex rel. Child., Youth & Fams. Dep't v. Frank G.*, 2005-NMCA-026, ¶ 40, 137 N.M. 137, 108 P.3d 543). Here, the district court does not appear to have ruled with finality on the alternative theory of whether a protected due process right arises from the New Mexico Constitution, did not identify any analysis, and did not render a decision on a well-pleaded claim. Therefore, we remand to the district court with instructions to address whether the New Mexico Constitution confers due process rights in connection with parole release or parole hearings consistent with the interstitial approach announced in *Gomez* and its progeny and to determine whether Plaintiff has stated a claim. *See Pruyn*, 2009-NMCA-103, ¶ 17 (remanding with instructions to address the parties' Rule 1-060(B) NMRA arguments); *see also Gomez*, 1997-NMSC-006, ¶ 19.

**C.**   **We Remand to the District Court to Address Whether the Parole Board Was Required to Comply With the Legal Residuum Rule at Plaintiff's Parole Hearing**

**{15}**   Pursuant to Rule 12-321(A) "[t]o preserve an issue for review, it must appear that a ruling or decision by the [district] court was fairly invoked." Here, in Plaintiff's "Complaint for Damages and Declaratory Judgment and Decree," his response to Defendants' motion to dismiss, and his motion for summary judgment, Plaintiff alleged that he was entitled to a parole hearing that complied with the legal residuum rule. Consequently, we conclude that Plaintiff has preserved this issue for our review.

**{16}**   Under what is known as the legal residuum rule, administrative actions must be "supported by some evidence that would be admissible in a jury trial." *Duke City Lumber Co. v. N.M. Env't Improvement Bd.*, 1984-NMSC-042, ¶ 19, 101 N.M. 291, 681 P.2d 717. As noted above, we "have the discretion to remand a case to the district court to address alternative claims or theories raised by the parties that it declined to address at the trial level." *Morris I*, 2015-NMCA-100, ¶ 51; *see Pruyn,* 2009-NMCA-103, ¶ 17. Here, the district court does not appear to have identified any analysis, nor rendered any specific findings and conclusions as to Plaintiff's claim that the Parole Board was required to comply with the legal residuum rule at his parole hearing. *See Pruyn*, 2009-NMCA-103, ¶ 17. Therefore, we remand to the district court with instructions to address this argument. *See id.* (remanding with instructions to address the parties' Rule 1-060(B) arguments).

**D.    We Remand to the District Court to Clarify Whether It Is Exercising Its Discretion to Decline Jurisdiction Over Plaintiff's Claim for Declaratory Judgment**

**{17}**    Pursuant to Rule 12-321(A) "[t]o preserve an issue for review, it must appear that a ruling or decision by the [district] court was fairly invoked." Plaintiff, in his "Complaint for Damages and Declaratory Judgment and Decree," his response to Defendants' motion to dismiss, and his motion for summary judgment requested declaratory judgment against Defendants. Thus, Plaintiff properly preserved this issue for review.

**{18}**    The Declaratory Judgment Act, § 44-6-7, states that "[t]he court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." The New Mexico Supreme Court has held that "whether a court assumes, takes, entertains, accepts or exercises jurisdiction in a declaratory judgment action, or refuses so to do, it is acting within its discretionary power which is subject to review for an alleged abuse thereof." *Allstate Ins. Co. v. Firemen's Ins. Co.*, 1966-NMSC-120, ¶ 9, 76 N.M. 430, 415 P.2d 553.

**{19}**    In this case, the district court did not address Plaintiff's claim for declaratory judgment in its "Order Granting Defendants' Motion to Dismiss the Complaint for Damages and Declaratory Judgment and Decree." Thus, it is unclear whether the district court exercised its discretion to decline jurisdiction over Plaintiff's claim for declaratory judgment. Because we are remanding with instructions to the district court to rule on Plaintiff's other unaddressed claims, we also remand to the district court with further instructions to clarify whether it is exercising its discretion to decline jurisdiction over Plaintiff's claim for declaratory judgment. *See Pruyn*, 2009-NMCA-103, ¶ 17 (remanding with instructions to address the parties' arguments).

**E.    We Remand to the District Court to Determine Whether Plaintiff is Entitled to Injunctive Relief for Alleged Violations of State Statutes and Regulations**

**{20}**    We see nothing in the record suggesting that the district court addressed the merits of Plaintiff's claim seeking injunctive relief for the violations of state statutes and regulations alleged by Plaintiff in his "Complaint for Damages and Declaratory Judgment and Decree." Consequently, we also remand this issue to the district court with instructions to address this claim.

**{21}**    Because we remand to the district court to rule on Plaintiff's unaddressed arguments, we do not reach Plaintiff's contention that the district court erred by dismissing his claim on the grounds that New Mexico's parole statutes and regulations do not give rise to due process protection because there is no liberty interest in parole release or in a parole hearing. We similarly do not reach Plaintiff's related argument that the Parole Board failed to comply with the requirements imposed by New Mexico statutes and administrative code in conducting his parole hearing.

**CONCLUSION**

**{22}** We reverse the district court's "Order Granting Defendants' Motion to Dismiss the Complaint for Damages and Declaratory Judgment and Decree," and we remand for further consideration and a final ruling as to (1) whether the New Mexico Constitution confers due process rights in connection with parole or parole hearings and, if so, whether those rights were violated here; (2) whether the Parole Board was required to comply with the legal residuum rule at Plaintiff's parole hearing; (3) whether the district court exercised its discretion to decline jurisdiction over Plaintiff's claim for declaratory judgment; and (4) whether Plaintiff is entitled to injunctive relief for the violations of state statutes and regulations alleged by Plaintiff. *See Pruyn*, 2009-NMCA-103, ¶ 19 ("We reverse the district court's ruling on [the] motion for reconsideration . . . and we remand for further consideration and a final ruling on the motion for reconsideration.").

**{23}** **IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**JANE B. YOHALEM, Judge**